TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ELIA HERRERA (Cal. Bar No. 293278)
Assistant United States Attorney
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2024
    Facsimile: (213) 894-0141
    Email:    elia.herrera@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 20-CR-577-KS |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT ALLEN BERINTI |
| v. | Hearing Date: October 22, 2021 |
| ALLEN BERINTI, | Hearing Time: 10:00 A.M. |
| Defendant. | Location: Courtroom of the Hon. Karen L. Stevenson |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Elia Herrera, hereby files its sentencing position with respect to defendant Allen Berinti.

//

//

//

1   This sentencing position is based upon the attached memorandum
2   of points and authorities, the Presentence Investigation Report and
3   Recommendation Letter prepared by the United States Probation and
4   Pretrial Services Office, the files and records in this case, and
5   such further evidence and argument as the Court may permit.

6   Dated: October 8, 2021          Respectfully submitted,

7                                   TRACY L. WILKISON
                                    Acting United States Attorney
8
                                    SCOTT M. GARRINGER
9                                   Assistant United States Attorney
                                    Chief, Criminal Division
10

11          /s/ *Elia Herrera*
            ELIA HERRERA
12          Assistant United States Attorney

13          Attorneys for Plaintiff
            UNITED STATES OF AMERICA

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

Defendant pleaded guilty, pursuant to a plea agreement, to theft of property used by postal service, in violation of 18 U.S.C. § 1707, a Class A misdemeanor.  (Dkts. 31, 36.)  On September 9, 2021, the United States Probation and Pretrial Services office filed its Presentence Investigation Report ("PSR") and Recommendation Letter. (Dkts. 39, 40.)  Therein, probation concluded that defendant's total offense level is 6 and his criminal history category is VI. (PSR ¶¶ 32, 58.)  Additionally, probation concluded that defendant's Sentencing Guidelines range is 12 months' imprisonment.[1]  (PSR ¶ 133.)  Probation identified no factors that would warrant a departure from the applicable Guidelines range, but identified certain mitigation factors -- including defendant's homelessness, substance abuse history, and mental and physical health issues -- that might warrant a downward variance and below-Guidelines sentence of three years' probation.  (PSR ¶¶ 147-49; Recommendation Letter at 1.)

As set forth below, the government respectfully recommends a low-end Guidelines sentence of 12 months (six months in custody, and six months' home detention or community confinement under USSG § 5C1.1(d)(2)), a $25 special assessment, and no fine.  Additionally, the government asks the Court to recommend that defendant participate in the Bureau of Prison's Residential Drug Abuse Program ("RDAP")

---

[1] Defendant's Guidelines range would be 12 to 18 months' imprisonment, but for his crime's 12-month statutory maximum.  (PSR ¶ 133.)

while in custody, as well as substance abuse and mental health treatment while on supervised release.

## II. DEFENDANT'S CRIMES

The facts relevant to sentencing are accurately set forth in the PSR and the plea agreement. (PSR ¶¶ 10-14; Dkt. 31.) In summary, on September 3, 2020, while working for a contract-delivery company, defendant disposed of mail sacks, instead of delivering them to the United States Postal Service. (Id.) Defendant dumped a total of 83 USPS mail sacks; each contained several packages. (Id.) While the sacks were found and the packages were put back into circulation, defendant's conduct affected at least 117 vendors, who had sent these parcels to at least 1,370 people. (Id.) The mail sacks that defendant dumped had a combined value of $69.72; the value of their contents was never calculated. (Id.)

## III. DEFENDANT'S OFFENSE LEVEL

Based on these facts, defendant's base offense level is 6, under USSG § 2B1.1(a)(2); the number of victims (10 or more) warrants a two-level increase, under USSG § 2B1.1(b)(2)(A)(i); and defendant's timely acceptance of responsibility warrants a two-level decrease, under USSG § 3E1.1. (PSR ¶¶ 19-32.) As such, defendant's total offense level is 6. (PSR ¶ 32.)

## IV. DEFENDANT'S CRIMINAL HISTORY

Defendant has 15 criminal history points, which place him in criminal history category VI -- the highest possible category. (PSR ¶¶ 36-58.) His extensive criminal history includes prior felony convictions for battery with serious bodily injury, possession or use of marijuana, disorderly conduct, second degree burglary, identity theft, and possession of firearm by a felon with four priors. (Id.)

**V.   DEFENDANT'S GUIDELINES RANGE**

An offense level of 6 and a criminal history category of VI place defendant's Guidelines range at 12 to 18 months' imprisonment. See USSG 5A.  However, because the statutory maximum sentence for this crime is 12 months, defendant's Guidelines range is 12 months' imprisonment.  (PSR ¶ 133.)

**VI.  THE GOVERNMENT'S RECOMMENDED SENTENCE**

Probation recommended a below-Guidelines sentence of three years' probation.[2]  (Recommendation Letter at 1.)  The government respectfully recommends that the Court sentence defendant to a low-end Guidelines sentence of 12 months (six months' custody and six months' home detention or community confinement, under USSG § 5C1.1(d)(2)), a $25 special assessment, no fine, and access to rehabilitation resources.  The government believes that such a sentence is sufficient, but not greater than necessary, to achieve the purposes set forth in 18 U.S.C. § 3553(a).

      1.   <u>Nature and Circumstances of the Offense, § 3553(a)(1)</u>

The nature and circumstances of defendant's offense warrant a 12-month sentence with half of the time period to be custodial.  By dumping mail that was destined for over 1,300 customers, defendant's conduct had the potential to cause a substantial loss to both the vendors sending the packages and the intended recipients.  Further, while the combined value of the mail sacks was $69.72, the potential

---

[2] A total offense level of 6 and criminal history category of VI places defendant in Zone C of the Guidelines.  See USSG 5A.  As such, defendant is ineligible for probation.  USSG § 5B1.1, comment (n.2).  With a one-level downward variance under 18 U.S.C. § 3553(a), however, defendant would be in Zone B of the Guidelines, and then would be eligible for up to five years' probation.  USSG § 5B1.1. (Accord PSR ¶¶ 137-38.)

3

loss -- had the packages not been recovered and put back into circulation -- was far more. Dumping mail can cause economic and reputational harm to both the commercial and individual victims, and defendant's sentence should account for that.

2. <u>History and Characteristics of Defendant, § 3553(a)(1)</u>

Defendant's history and characteristics also warrant the government's recommended sentence. In aggravation, defendant has an extensive criminal history; served substantial sentences for his past crimes; and yet was undeterred from committing the instant crime. (<u>See</u> PSR ¶¶ 36-55.) In fact, defendant committed this crime while on post-release community supervision. (PSR ¶ 57.) In mitigation, however, defendant has serious substance abuse problems and has experienced difficult personal hardships. (PSR ¶¶ 81-95, 105-113.) Significantly, since his arrest for this crime, defendant has been making efforts to address his various issues and to turn his life around. (PSR ¶¶ 114-116.) The government commends defendant's recent efforts, and respectfully submits that its recommended sentence appropriately balances these factors.

3. <u>Need for Deterrence and to Promote Respect for the Law, § 3553(a)(2)</u>

Defendant's long, undeterred criminal history warrants a sentence that will promote respect for the law and deter him and others from future crimes. The government's recommended split-term sentence would provide defendant sufficient time to consider his actions and hopefully deter him from committing future crimes.

        4. <u>Need for the Sentence to Avoid Unwarranted Disparities, § 3553(a)(6)</u>

Section 3553(a)(6) requires the Court to minimize sentencing disparities among similarly situated defendants. One way of doing so is to correctly calculate the Guidelines range. See <u>United States v. Treadwell</u>, 593 F.3d 990, 1011 (9th Cir. 2010) ("Because the Guidelines range was correctly calculated, the district court was entitled to rely on the Guidelines range in determining that there was no 'unwarranted disparity' . . . ."); <u>Gall v. United States</u>, 552 U.S. 38, 54 (2007) ("[A]voidance of unwarranted disparities was clearly considered by the Sentencing Commission when setting the Guidelines ranges."). Here, under the correctly calculated Guidelines range, other defendants "with similar records who have been found guilty of similar conduct" as defendant can expect a 12-month sentence. <u>See</u> USSG § 5A; 18 U.S.C. § 1707. As such, the government's recommended sentence avoids an unwarranted disparity with similarly situated defendants.

        5. <u>Fine</u>

The government agrees with probation that defendant lacks the ability to pay a fine. (PSR ¶¶ 125-131.) The government supports the employment conditions recommended by probation and believes any money defendant makes should go toward finding housing, funding stability and sobriety, and supporting his minor children. (<u>See</u> Recommendation Letter at 3, 6-7.)

        6. <u>RDAP and Substance Abuse and Mental Health Treatment</u>

The government hopes defendant will continue to build upon his significant recent progress. (<u>See</u> <u>id.</u> at 5-6.) Given defendant's serious substance-abuse history and the fact that most of his crimes

appear to be fueled by his substance abuse issues, the government believes that both defendant and society would benefit from defendant's participation in RDAP while in custody, and in substance abuse and mental health treatment while on supervised release.

**VII. CONCLUSION**

For the foregoing reasons, the government respectfully recommends a split-term sentence of 12 (six months in custody, and six months on home detention or community confinement, under USSG § 5C1.1(d)(2)), a $25 special assessment, no fine, and access to whatever rehabilitation resources the Court deems appropriate.[3]

---

[3] Under the plea agreement, defendant has agreed not to oppose the imposition of probation or supervised-release conditions including community service, substance abuse treatment, and a fulltime work requirement. (PSR ¶ 6.)